UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL JOSE CHIRINO GAUNA,

     *Petitioner*,

v.                                                                    Case No. 3:26-cv-1235-JEP-SJH

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

     *Respondents.*

_____/

### **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release him. (Doc. 1 at 5). Petitioner, a citizen of Venezuela, entered the United States without inspection on an unknown date, and ICE detained him after a traffic stop on March 21, 2026. (*Id.* at 2; Doc. 7 at 2; Doc. 7-2 at 1–2). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally* Doc. 1).[1]

---

[1] The Federal Respondents understand the petition to assert a claim under § 1226(a). (*See* Doc. 7 at 1). Accordingly, this Court construes the petition to assert a

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1276 (11th Cir. 2026).[2] The Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 7 at 1, 3).

---

claim under that statute. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings.").

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

---

opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[3] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

**DONE AND ORDERED** in Jacksonville, Florida, on June 26, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record
Daniel Jose Chirino Gauna

4